IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES E. DUFFY, SR., :

Plaintiff, :

v. : Civil Action No. 20-418-RGA

ROBERT MAY, et al., :

Defendants. :

---

Charles E. Duffy, Sr., Sussex Correctional Institution, Georgetown, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 4, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Charles E. Duffy, Sr., an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). Plaintiff requests counsel. (D.I. 4). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

**BACKGROUND**

Plaintiff alleges that Defendants are deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. In his Complaint, Plaintiff discusses his medical visits. I take what he has alleged as true.

Plaintiff experienced persistent chest pain and, on May 29, 2019, submitted a sick call slip. (D.I. 3 at 3). An EKG performed the same day revealed abnormal results, and Dr. Harris, who was attending Plaintiff, told him that he would prepare the necessary papers for Plaintiff to see an outside cardiologist. (*Id*.). Plaintiff was seen on June 4, 10, and 12, 2019 and told that his blood chemistries were abnormal. (*Id.* at 16-17). Labs drawn on August 5, 2019 were not within normal limits. (*Id.* at 17). On August 26, 2019, Plaintiff submitted a grievance to see an outside cardiologist "because it was taking so long for [him] to get approved." (*Id*. at 4).

Plaintiff saw Dr. Harris on September 24, 2019, and he advised Plaintiff that the proper paperwork for an outside provider had not been submitted, but he was going to submit the proper paperwork. (*Id*. at 18). Labs drawn on September 30, 2019 and

November 25, 2019 were not within normal limits. (*Id*.). Plaintiff's grievance was upheld on October 21, 2019. (*Id.* at 4).

On November 30, 2019, Plaintiff was admitted to the SCI infirmary in preparation for a heart stress test to take place on December 2, 2019 at an outside hospital. (*Id.* at 4, 19). On December 11, 2019, Dr. Harris informed Plaintiff that the stress test revealed some arterial blockage and an abnormal heart valve. (*Id*. at 4, 21). Dr. Harris also told Plaintiff that he has a blood disorder. (*Id*. at 21). Dr. Harris told Plaintiff that he was going to prepare paperwork so Plaintiff could be treated by an outside cardiologist, he was going to schedule Plaintiff for a heart ultrasound, and he was going to schedule Plaintiff to see an oncologist to treat his blood disorder. (*Id*. at 4, 5, 21). He advised Plaintiff of treatment options. (*Id*. at 21).

Blood was drawn on February 19, 2020 and March 20, 2020. (*Id*. at 22). Plaintiff presented for his chronic care appointment on March 3, 2020 and was examined by Dr. Harris, who told Plaintiff that he wanted Plaintiff to see an outside oncologist and cardiologist. (*Id*.).

Plaintiff commenced this action on March 25, 2020. He alleges that Delaware Department of Correction Commissioner Claire DeMatteis, SCI Warden Robert May, and Health Services Administrator Jill Mosser have demonstrated deliberate indifference to his serious medical needs by "an intentional refusal to provide and execute the necessary follow-up treatment" by an outside cardiologist and oncologist.

(*Id*. at 5). Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief. (*Id*. at 1, 10, 11).

**SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual

scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003); *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane*

*Constr. Corp*., 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**DISCUSSION**

Plaintiff alleges that Defendants are not providing him outside cardiologist and oncologist care for his medical conditions. A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Eighth Amendment requires prison officials to ensure inmates receive adequate medical care).

In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical

care." *Estelle v. Gamble*, 429 U.S. at 104-05. A "failure to provide adequate care . . . [that] was deliberate, and motivated by non-medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In addition, a prisoner has no right to choose a specific form of medical treatment. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Allegations of medical malpractice without more are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986).

Finally, prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d at 69. "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or

not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

As pled, the Complaint fails to state an actionable constitutional claim. Other than to describe their positions, there are no allegations directed to any defendant. And, except for a newspaper article that refers to Commissioner DeMatteis, none of the Complaint's exhibits refer to any defendant. Plaintiff alleges in a wholesale manner without supporting facts that Defendants were deliberately indifferent to his serous medical needs in delaying or denying treatment. There are no allegations that any Defendant knew of Plaintiff's condition or knew that Dr. Harris was preparing paperwork for Plaintiff to see outside specialists. Notably, Commissioner DeMatteis and Warden May are prison administrators and there are no allegations they had a reason to believe, much less actual knowledge, that Plaintiff was being mistreated.

As pled, the Complaint fails to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a § 1983 claim against Defendants or, possibly, alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov'*t, 256 F. App'x 444 (3d Cir. 2007).

**REQUEST FOR COUNSEL**

Plaintiff seeks counsel on the grounds that his imprisonment greatly limits his ability to litigate, the issues are complex and will require significant research and

investigation, he has limited law library access and limited knowledge of the law, a trial will likely involve conflicting testimony and counsel would better enable him to present evidence and cross-examine witnesses, and he has made repeated attempts to obtain counsel. (D.I. 4).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

*See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Several of the *Tabron* factors militate against granting Plaintiff's request for counsel at this time. The main reason for denial of Plaintiff's request is that his Complaint fails to state claims upon which relief may be granted and will be dismissed. At this juncture it is far from clear that Plaintiff's claims have arguable merit in fact or law. Accordingly, the Court finds that counsel is not appropriate at this time. The request for counsel will be denied without prejudice to renew.

**CONCLUSION**

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel; and (2) will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.