IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES E. DUFFY, SR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-418-RGA |
| ROBERT MAY, et al., | : |
| Defendants. | : |

Charles E. Duffy, Sr., Sussex Correctional Institution, Georgetown, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 26, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Charles E. Duffy, Sr., an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). The Court dismissed the original complaint and gave Plaintiff leave to amend. (D.I. 10, 11). Plaintiff filed an Amended Complaint on November 10, 2020. (D.I. 12). He recently moved the Court to "annul" the filing fee. (D.I. 13). The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The Amended Complaint reiterates that the original Complaint named Robert May, Claire DeMatteis, Jill Mosser, and Health Service Administrator as Defendants. (D.I. 12 at 1). It states that Plaintiff does not know the identity of the healthcare providers overseeing inmates with underlying health issues like Plaintiff's. (*Id*.).

Plaintiff alleges that since he filed the March 23, 2020 Complaint, he has not been approved to go outside the institution for follow-up treatment with a cardiologist and oncologist. Plaintiff received education during his chronic care appointments with Dr. Curtis Harris (who is not a defendant) that he has a rare blood disease which is a form of cancer and that Dr. Harris can prepare the necessary papers and submit them to the Health Service Administrator requesting that Plaintiff be seen by an outside professional cardiologist and oncologist for treatment. (*Id*. at 2). Dr. Harris indicated there is no guarantee that Plaintiff will be approved. (*Id*.).

1

Plaintiff states that he was diagnosed with COVID 19 on August 13, 2020 and alleges that vulnerable inmates, like Plaintiff, were not properly cared for or considered for early release. (*Id*. at 2). He alleges that COVID 19 has left him with severe fatigue and shortness of breath. (*Id*.). Plaintiff further alleges that due to COVID 19, he no longer has access to the law library, law books, and legal advice because the law library is closed. (*Id*.) Plaintiff indicates that he is not skilled in the law, cannot afford to hire an attorney, and does not know any other avenues to pursue.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff alleges that he has not yet been approved to see an outside specialist, but does not indicate who failed to approve the follow-up treatment. He alleges that when he was diagnosed with COVID 19 he was not properly care for or considered for an early release, but does not indicate who failed to care for him or who denied him an early release. Finally, he alleges that he no longer has law library access but does not indicate when he was denied access or by whom.

A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a

4

responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment, prisons officials must ensure inmates receive adequate medical care). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Like the original Complaint, the Amended Complaint fail to state an actionable constitutional claim. Claims raised under 42 U.S.C. § 1983 require a showing that each defendant was personally involved in the alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* There are no such allegations. Indeed, there are no allegations directed to any defendant.

Plaintiff was given leave to amend to cure his pleading defects. He did not. Because Plaintiff made no attempt to remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012). Therefore, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court finds amendment futile.

### REQUEST TO ANNUL ASSESSED FILING FEE

Plaintiff asks the Court to annul the assessed filing fee based upon his poverty, age, health, and inability to work. (D.I. 13). Plaintiff explains that he worked inside the institution prior to the coronavirus pandemic. Following a COVID 19 diagnosis, Plaintiff was hospitalized, he no longer has a prison job, and he is unable to pay the assessed fee. Plaintiff proceeds *pro se*, has been granted leave to proceed without prepayment of fees and assessed a $350.00 filing fee as required by 28 U.S.C. § 1914 and § 1915. (D.I. 6).

Section 1915 provides that if a prisoner brings a civil action *in forma pauperis*, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff opted to file this lawsuit, and he is required by statute to pay the filing fee. *See* 28 U.S.C. § 1914; 28 U.S.C. § 1915. Therefore, the motion will be denied.

**CONCLUSION**

For the above reasons, the Court will: (1) deny Plaintiff's motion to annul the assessed filing fee (D.I. 13); and (2) dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds amendment futile.

An appropriate Order will be entered.